IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-01974-PAB-MJW


ANTHONY W. KNOWLES and
LESLIE ANDERSON-KNOWLES,

Plaintiff(s),

v.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS
TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., ALTERNATIVE
LOAN TRUST 2002-37, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2002-37,

Defendant(s).

---

### RECOMMENDATION ON
### DEFENDANT THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS
### PLAINTIFFS' COMPLAINT (Docket No. 10)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before this court pursuant to an Order Referring Case issued by

Judge Philip A. Brimmer on July 29, 2013 (Docket No. 8).

The pro se plaintiffs, Anthony W. Knowles and Leslie Anderson-Knowles,

commenced this action with a pleading entitled "QUIET TITLE ACTION/WRONGFUL

FORECLOSURE" (Docket No. 5) which was filed in the District Court in Araphahoe

County, Colorado, on June 24, 2013.  This case was then removed to this court by the

defendant.  (Docket No. 1).

Now before the court for a report and recommendation is Defendant The Bank of

2

New York Mellon's Motion to Dismiss Plaintiffs' Complaint (Docket No. 10) and

Defendant The Bank of New York Mellon's Request for Judicial Notice in Relation to

Motion to Dismiss (Docket No. 11).  Plaintiffs filed a Response (Docket No. 13).  The

court has carefully considered these motion papers as well as applicable Federal Rules

of Civil Procedure and case law.  In addition, the court has taken judicial notice of the

court file, the court file in plaintiffs' prior action in this court (Civil Action No. 12-cv-

00621-RBJ) (hereinafter "the 2012 action"), and the documents submitted by

defendants in Docket No. 11.  The court now being fully informed makes the following

findings, conclusions of law, and recommendation.

Defendant's motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6).

Such a motion alleges that the complaint fails "to state a claim upon which relief can be

granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is

plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan.

15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,

1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds'

of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ."  Twombly, 550 U.S. at

555 (citations omitted).  "Factual allegations must be enough to raise a right to relief

above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line

from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the

mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in

support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

"[P]lausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] 'ha[s] not nudged [his] claim[] across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). Furthermore, "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. "[T]he *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiffs' favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

4

Plaintiffs are proceeding without counsel.  The court, therefore, reviews plaintiffs'

pleadings and other papers liberally and holds them to a less stringent standard than

those drafted by attorneys.  Trackwell v. United States Government, 472 F.3d 1242,

1243 (10th Cir. 2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding

allegations of a *pro se* complaint to less stringent standards than formal pleadings

drafted by lawyers).  However, a *pro se* litigant's conclusory allegations without

supporting factual averments are insufficient to state a claim upon which relief can be

based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume

that a plaintiff can prove facts that have not been alleged or that a defendant has

violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of

Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  See

Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply

additional factual allegations to round out a plaintiff's complaint or construct a legal

theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.

1991) (the court may not "construct arguments or theories for the plaintiff in the absence

of any discussion of those issues).  "The plaintiff's *pro se* status does not entitle him to

application of different rules."  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept.

1, 2010).

Normally, when considering a motion to dismiss, the court must disregard facts

supported by documents other than the Complaint unless the court first converts the

motion to dismiss into a motion for summary judgment.  Jackson v. Integra Inc., 952

F.2d 1260, 1261 (10th Cir. 1991).  The court, however, may consider documents outside

of the Complaint on a motion to dismiss in three instances.  First, the court may

consider outside documents pertinent to a ruling a motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(1).  Pringle v. United States, 2008 F.3d 1220, 1222 (10th Cir. 2000).

Second, the court may consider outside documents subject to judicial notice, including

court documents and matters of public record.  Tal v. Hogan, 453 F.3d 1244, 1265 n.24

(10th Cir. 2006).  Third, the court may consider outside documents that are both central

to the plaintiffs' claims and to which the plaintiffs refer in their Complaint.  GFF corp. v.

Associated Wholeale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997).  In this case, the

court has examined the documents submitted by the defendant and has determined that

each of the documents cited to in this decision may appropriately be considered by the

court in making its recommendation on the pending motion.

Here, defendant asserts that the plaintiffs' Complaint must be dismissed based

upon the doctrines of claim preclusion and issue preclusion due to this court's prior

adjudication in the 2012 action.  In the 2012 action, plaintiffs brought claims against

defendant Bank of New York Mellon and others for lack of standing to foreclose,

wrongful foreclosure, breach of contract, breach of the implied covenant of good faith

and fair dealing, unjust enrichment, intent to defraud and deceive, quit title, and slander

of title. (Docket No. 11-1).  These claims concerned alleged actions involving a

$363,200.00 loan plaintiffs obtained to refinance their real property located at 520 W.

Aberdeen Avenue in Littleton, Colorado, and foreclosure proceedings that were started

in 2005 when they defaulted on their loan obligations.  On November 21, 2012, Judge

Jackson granted defendants' motion for failure to state a claim, which was opposed by

the plaintiffs. (Docket No. 11-5).  Accordingly, on November 23, 2012, pursuant to

Judge Jackson's Order and Fed. R. Civ. P. 58(a), a Final Judgment was entered for the

6

Defendants and against the Plaintiffs, and the action and Complaint were dismissed. (Docket No. 11-6).  In the instant action, plaintiffs once again bring an action against defendant The Bank of New York Mellon for quiet title and wrongful foreclosure regarding the same loan and real estate.  This court agrees with defendant that the Complaint should be dismissed due to the court's prior adjudication in the 2012 action.

"*Res judicata*, or claim preclusion, 'prevents parties from re-litigating issues that were or could have been raised in an action that has received a final judgment on the merits.'" Goldenhersh v. Aurora Loan Services, LLC, 2012 WL 2890924, at *2, n.1 (D. Colo. July 16, 2012) (quoting Coffman v. Veneman, 175 Fed. Appx. 985, 985 (10th Cir. 2006)).  The Tenth Circuit has stated:

> The doctrines of *res judicata*, or claim preclusion, and collateral estoppel, or issue preclusion, are closely related. . . .  *Res judicata* generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action. . . .  A claim is barred by *res judicata* when the prior action involved identical claims and the same parties or their privies. . . .  Collateral estoppel, however, does not always require that the parties be the same.  Instead, collateral estoppel requires an identity of issues raised in the successive pleadings and the determination of these issues by a valid final judgment to which such determination was essential.

Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir. 1995) (internal citations and quotations omitted).  "Both doctrines require that the party or parties against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue." SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir. 1990).  "*Res judicata* bars a subsequent claim if four elements are met: '(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a

full and fair opportunity to litigate the claim in the prior suit.'" Argueta-Pereira v. Ochoa,
2012 WL 2564813, at *1 (D. Colo. July 2, 2012) (quoting In re Mersmann, 505 F.3d
1033, 1049 (10th Cir. 2007)).

 In their Response (Docket No. 13), the pro se plaintiffs assert that in the 2012
action, the issues were never fully and vigorously litigated, noting that there were no
answers to the Complaint, no discovery, and no fact finding.  "[T]he question as to
whether a party had a full and fair opportunity to litigate a prior determination involves a
practical inquiry into the realities of litigation." Sheldon v. Khanal, 502 Fed. Appx. 765,
772-73 (10th Cir. Nov. 20, 2012) (quoting Gilberg v. Barbieri, 53 N.Y.2d 285 (1981)).
The 2012 action was dismissed by Judge Jackson when he granted the defendants'
motion to dismiss which was brought pursuant to Rule 12(b)(6).  "[D]iscovery is not
necessary to resolve a motion to dismiss for failure to state a claim for relief; '[t]he
court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the
parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is
legally sufficient to state a claim for which relief may be granted[.]" Id. at 773 (quoting
Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010)).  "One purpose of requiring
that a complaint state a plausible claim for relief is 'to avoid ginning up the costly
machinery associated with our civil discovery regime on the basis of a largely
groundless claim.'" Id. (quoting Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210,
1215 (10th Cir. 2011)).  Plaintiffs have not contended that they were prevented from fully
arguing the issues raised in the motion to dismiss in the 2012 action, and there is no
evidence that they were prevented from taking an appeal.  This court thus finds that the
plaintiffs have not shown that they were denied the opportunity to litigate their claims

fully and fairly in the 2012 action.  See SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d at 1521

(Disagreement with the district court's legal ruling in prior action does not mean that the

party was denied the full and fair opportunity to litigate.  By making this argument, the

unsuccessful litigant "is attempting to achieve through the back door what it cannot do

directly; that is, bring a subsequent action challenging a legal ruling in a prior action.

The doctrines of res judicata and collateral estoppel apply equally to issues of fact and

rulings of law.").

This court finds that "the district court's dismissal with prejudice of [plaintiffs']

previous . . . [action] constitutes a final adjudication on the merits with preclusive effect

in federal court."  Ostler v. Anderson, 200 Fed. Appx. 750, 753 (10th Cir. Sept. 18, 2006)

(citing Clark v. Haas Group, Inc., 953 F.2d 1235, 1238 (10th Cir. 1992)).  Pursuant to

Fed. R. Civ. P. 41(b), "[u]nless the dismissal order states otherwise," a dismissal

"except one for lack of jurisdiction, improper venue, or failure to join a party under Rule

19--operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  Here, Judge

Jackson's Order in the 2012 action does not state that the dismissal was not an

adjudication on the merits.  Therefore, Judge Jackson's Order represents final judgment

on the merits.

All of the elements of res judicata are satisfied here.  Plaintiffs' 2012 action

ended with a judgment on the merits that was reached after full briefing on the

defendants' motion to dismiss pursuant to Rule 12(b)(6); the parties here were parties to

the 2012 action; the two suits concern the same claims or claims that could have been

brought about the same loan and subject real estate; and the plaintiffs had a full and fair

opportunity to litigate their claims in the 2012 action.  Plaintiffs should be precluded from

9

relitigating the issues that were decided or issues that could have been raised in the 2012 action.  Therefore, the defendant's motion to dismiss here should be granted.

Based upon these findings and recommendations, in the interest of judicial economy, the court will not address defendant's alternate argument for dismissal that the Complaint fails on the merits because plaintiffs' note-splitting, securitization or other theories are baseless.

Wherefore, for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant The Bank of New York Mellon's Motion to Dismiss Plaintiffs' Complaint (Docket No. 10) be **granted**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  September 3, 2013          s/ Michael J. Watanabe_____
      Denver, Colorado          Michael J. Watanabe
                               United States Magistrate Judge