IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01974-PAB-MJW

ANTHONY W. KNOWLES and
LESLIE ANDERSON KNOWLES,

    Plaintiffs,

v.

BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, as trustee for the certificate holders of CWMBS, Inc., Alternative Loan Trust 2002-37, Mortgage Pass-Through Certificates, Series 2002-37,

    Defendant.

**ORDER**

    This matter is before the Court on the Recommendation on Defendant The Bank of New York Mellon's Motion to Dismiss Plaintiffs' Complaint (Docket No. 10) (the "Recommendation") [Docket No. 16] filed on September 3, 2013. The magistrate judge recommends that the Court grant the motion to dismiss filed by defendant Bank of New York Mellon [Docket No. 10] and dismiss the claims of plaintiffs Anthony and Leslie Knowles pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed timely objections on September 13, 2013. Docket No. 19.

    The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[ ] the district judge to focus attention on those issues—factual

and legal—that are at the heart of the parties' dispute." *See id*. (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiffs' pro se status, the Court reviews their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

Underlying facts are set forth in the Recommendation and will not be restated here. The magistrate judge recommends dismissal on the ground that plaintiffs' claims are precluded by the doctrine of res judicata. Docket No. 16 at 8. Specifically, the magistrate judge finds that plaintiffs had a full and fair opportunity to litigate their current claims in an action they brought against defendant in this district in March 2012 in which they challenged defendant's right to foreclose on the property at issue in this case. *Id*.; *see* Case No. 12-cv-00621-RBJ; *see also MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) ("Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits. [citation] If these requirements are met, res judicata is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit."). The court in the 2012 action granted defendants' motion to dismiss for failure to

state a claim. Docket No. 11, No. 12-cv-00621-RBJ; *see* Fed. R. Civ. P. 12(b)(6).

Plaintiffs raise the following three objections to the Recommendation: (1) the three Notices of Election and Demand that defendant filed in 2008, 2010, and 2013 with the Public Trustee of Arapahoe County, Colorado state that defendant is the trustee for a different trust; (2) it is possible that the trust holding plaintiffs' mortgage has not been injured because the agreement between the trust and the servicing company might require the servicer to make the trust whole in the event of default, in which case, only the servicer has standing to foreclose; and (3) plaintiffs are contractually obligated by their Deed of Trust to "defend generally the Title to the Property against all claims and demands, subject to any encumbrances of record." Docket No. 19 at 1-2.

In raising these objections, plaintiffs reassert their substantive legal arguments and do not address the basis for the Recommendation, namely, that their claims are precluded because such claims were or could have been litigated in 2012. *See* Docket No. 16 at 7-9. Plaintiffs do not raise any objections to the magistrate judge's findings regarding claim preclusion. For example, they do not reassert their previous challenges to the determination that they had a full and fair opportunity to litigate their claims in the prior action. *Compare* Docket No. 13 at 1-2 *with* Docket No. 19. Nor do they argue that exceptions to the doctrine of res judicata are applicable here. *See* Charles Alan Wright et al., 18 Fed. Prac. & Proc. Juris. § 4415 (2d ed.) (Claim Preclusion–Exceptions to Claim Preclusion Rules). Thus, plaintiffs' objections do not trigger de novo review of the underlying rationale for the Recommendation and do not set forth grounds upon which the Court must address the merits of their claims. *See One Parcel of Real*

*Property Known As 2121 East 30th St.*, 73 F.3d at 1059 (an objection must "enable[ ] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute"); *see also* Charles Alan Wright et al., 18 Fed. Prac. & Proc. Juris. § 4406 (2d ed.) ("Prior judgments may preclude later litigation both as to matters that have actually been litigated and decided and as to matters that have never been litigated or decided.").

In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation on Defendant The Bank of New York Mellon's Motion to Dismiss Plaintiffs' Complaint (Docket No. 10) [Docket No. 16] is ACCEPTED.  It is further

**ORDERED** that Defendant Bank of New York Mellon's Motion to Dismiss Plaintiffs' Complaint [Docket No. 10] is GRANTED.  It is further

**ORDERED** that this case is DISMISSED.

DATED September 26, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).